JOHN L. SAWYER, administrator, plaintiff in error, vs. C. A. J. FLEMISTER, defendant in error.

Where the intestate has an estate only for his life, no interest in the property can pass to his administrator, and the administrator can have no right to bring suit for the property, but that right must be in others.

In Equity, in Newton Superior Court. Decision on demurrer, by Judge CABANISS, March Term, 1859.

In the year 1850 John Sawyer departed this life, leaving a will, the third and fourth items of which are as follows, viz :

"*Item Third.*  I give and devise to my beloved wife, Mary, all my estate, both real and personal, embracing lands, negroes, horses, stock, household furniture, and utensils of every description; money, rights and credits, and whatsoever other things I may possess, to have and to hold during her widowhood, and to exercise full control over in the sole, management and disposition thereof as she may think proper, and to give off to her children whatever portions she may see proper, either before or at her death: *Provided,* that if my wife, Mary, should intermarry after my death at any time, then, and in that event she is no longer entitled to the above bequest; but my entire estate, both real and personal, shall then be equally divided among my said wife and all my children, she receiving a child's part; and in the event of such equal division ever being made, then whatever may have been advanced to any of my children, either by myself, during my lifetime, or by my wife after my death, shall be taken into the account, and every one share accordingly."

"*Item Fourth.*  I desire and direct, that my wife, Mary, during her widowhood, may give off whatever of my estate she may see proper, at any time before or at her death, to my children, to each one in whatever proportion she may desire, and at whatever time she may see proper: *Provided,*

that whatever she may give to my daughter, Sarah A., wife of Henry Camp, shall be made over to her and her children, not subject to the debts or control of her husband."

By the fifth item, he appointed his wife, the said Mary, executrix, and his sons, John L. Francis and Thomas Sawyer, executors of his will.

Under this will, Mary Sawyer, the widow, took possession of the entire estate of her husband, and held the same until the 6th November, 1854, when by a deed duly executed, she made a division of said estate between herself and her seven children, giving to each an equal share, and reserving to herself one share; being one eighth of said estate, to be held in fee simple "according to the directions given in the latter clause of the third item of said last will and testament of my" (her) "deceased husband, John Sawyer, late of said county : *Provided,* that nothing in the foregoing deed of gift shall be so construed as to prevent me" (her) "from retaining for myself, out of said estate, any property, not exceeding in value my distributive share as herein set forth, which I may think best suited to my condition and circumstances during my natural life, to be equally divided among all my children aforesaid, and their heirs and assigns after my death," &c.

The estate was partitioned in pursuance of this deed, and Mrs. Sawyer selected and retained as her share, two negroes, worth about a thousand dollars each, and cash and notes amounting to about thirty-five hundred dollars.

Shortly after this division, Mrs. Sawyer entered into an agreement under seal, with Creighton A. J. Flemister, one of her sons in law, dated 6th January, 1855, whereby, in consideration that Flemister would support and maintain her during her life, and furnish her with money sufficient to meet her ordinary wants and necessities, &c., she sold and conveyed to him all her interest in said two negroes; also, the use and control of her money and notes, to remain in his possession, and under his control, during her life.

Afterwards, in 1855 or 1856, Mrs. Sawyer departed this life intestate, and John L. Sawyer, one of her sons, took out letters of administration on her estate, and filed this bill in equity, against Flemister, for a recovery of said negroes and money, and for an account of hire and interest.

To this bill defendant demurred, on the ground, that under the will of John Sawyer, deceased, Mary Sawyer, his widow, and complainant intestate, took only a life estate in the property devised and bequeathed to her, or a life estate, with a power of appointment, and that complainant as *her administrator* could not maintain this suit.

The Court sustained the demurrer and dismissed complainant's bill, and complainant excepted.

HARPER, for plaintiff in error.

FLOYD, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Was the right to sue, in the administrator of Mrs. Sawyer? If it was not, the Court below did not err in sustaining the demurrer.

If the interest which Mrs. Sawyer had in the property sued for, was no greater than an interest for her life, then, at her death, no interest remained to pass to her administrators; and therefore, no right to sue for the property, could be in him.

Whatever the interest was which she had in the property, she must have derived it, either from the will of her deceased husband, or from her own deed and its acceptance by the remaindermen.

If it was derived from the will, it could not have exceeded an interest for her life, as she remained a widow till her death, and the will gave her, in case she remained a widow, no greater estate than one during her widowhood.

If the interest in the property, was derived from the deed and its acceptance by the remaindermen, still it could not have been a greater interest, than one for her life; because the deed itself said, that the property should, at her death, be equally divided among certain persons named. This restricted her interest in the property, to an interest for her life, and gave the remainder to those persons.

Whether then her interest was an interest derived from the will, or an interest derived from the deed, it was but an interest for her life. It follows, that, at her death, there was none of it left, to pass to her administrator, and, therefore, that he had no right to sue for the property or for any interest in it. And, thence, it follows that the demurrer was good, and that the judgment holding it, good, was right.

The plaintiff seems to think, that it is his business, as Mrs. Sawyer's administrator, to collect this money and property, for the remaindermen, or, for whoever may be entitled to the same. But they do not need his services. They can themselves assert whatever rights they have. Perhaps, they are not willing to accept his services; perhaps they would even if he succeeded in this suit, and recovered the property for them, choose to sue for it, themselves. In that case, the defendant would be in a bad condition, for the recovery in this suit, would be no bar to that suit; and so, he would have to respond a second time for the property.

Judgment affirmed.