BORUM, administrator, for use, etc., *v.* GREGORY.

1. One who has no estate in land but who is entitled to a support therefrom, which, so far as appears, is being received, can not maintain an action for the recovery of such land.

2. Upon the death of one who has a life interest in land, such interest ceases and her administrator can not maintain an action to recover the land.

Argued January 15, — Decided March 29, 1904.

Complaint for land. Before Judge Littlejohn. Dooly superior court. February 25, 1903.

*Shipp & Sheppard* and *E. F. Strozier*, for plaintiff.
*Hall & George* and *Whipple & McKenzie*, for defendant.

SIMMONS, C. J.     Complaint for land was brought against Gregory by Mary S. Borum, who claimed a life-estate in such land under the will of Alexander Borum.     The plaintiff died, and D. M. Borum, her administrator, was made a party and allowed to amend the petition by alleging that the land sued for was " charged with a comfortable support of Mary S. Borum during her life, the support to be provided by the executor ; " that the executor had been discharged and D. M. Borum appointed administrator cum testamento annexo ; and " that this land is necessary for the support of said Mary S. Borum."     The prayer of the amendment was that D. M. Borum, as administrator of Alexander Borum, recover the land for the use of Mary S. Borum's administrator.     The defendant moved to dismiss the petition as amended, and the court sustained the motion.     The plaintiff excepted.

1.     The will of Alexander Borum, attached as an exhibit to the petition, shows that no life-estate was thereby left to Mary S. Borum, but that the land was charged with her support, to be provided out of the estate by the executor.     The original petition therefore set out no cause of action.     Mary S. Borum was entitled to a support out of the estate, but to no more than this.     If the estate yielded more than was necessary for her support, she had no interest in the surplus.     The executor was charged with the duty of providing such support, and to him she was to look for it. She had no estate for life or for years, and no interest on which could be based an action of ejectment in her name.     She did not even allege that the executor had failed to provide her with a support out of the estate.

2. Whatever may be D. M. Borum's rights as administrator of the estate of the testator, in a proper proceeding as such administrator to recover the land, he can not, by amendment to Mary S. Borum's petition, maintain an action to recover her interest in the land for the use of her administrator. The amendment does not allege that she was entitled to any payments which should have been made to her but which were not in fact made. The suit is simply for her interest for the use of her administrator. That interest continued only while she was in life, and ceased at her death. See *Sawyer* v. *Flemister*, 29 *Ga.* 347, where it was said that the interest of a certain person "was but an interest for her life. It follows that at her death there was none of it to pass to her administrator, and therefore that he had no right to sue for the property or any interest in it." The court below was right in sustaining the motion to dismiss.

*Judgment affirmed. All the Justices concur.*